**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Dated: February 07 2011

Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.: 09-37095 |
| | ) | |
| Daniel T. Maxwell and Donna M. Maxwell, | ) | Chapter 7 |
| | ) | |
| Debtors. | ) | Hon. Mary Ann Whipple |
| | ) | |
| | ) | |
| | ) | |

### ORDER

The court held a hearing on February 1, 2011, on Debtors' Motion to Vacate Revocation of Discharge and Reinstate Discharge of Debtor, [Doc. # 42], and the Chapter 7 trustee's objection to the motion, [Doc. # 43]. Debtors, Attorney for Debtors and the Chapter 7 Trustee appeared in person at the hearing.

This Chapter 7 case was commenced on October 13, 2009. The court entered a stipulated order on February 8, 2010, requiring Debtors to reimburse the estate the total sum of $2,500 on account of a 2003 Ford Focus that was transferred without consideration by Debtors to their daughter in March of 2009, with payments of $50 per month and the balance due on April 15, 2010. In bolded underlined type, the stipulated order specified that "in the event Debtors Fail to make the payment...or if the debtors do not pay the balance in full on or before April 15, 2010, then upon the filing of an Affidavit of Default by the Trustee, the Court shall revoke the Debtors' discharges without further notice or hearing." [Doc. # 25, p.2/3].

Debtors made two $50 payments to the Trustee in February 2010 then did not make any further

payments. The balance due by April 15, 2010, was not paid. Debtors did not contact the Trustee or attempt to address the issue. On September 14, 2010, the Trustee filed her Affidavit in accordance with the stipulated order attesting to Debtors' non-compliance with their obligations thereunder. [Doc. # 31]. On September 20, 2010, the court entered its order revoking Debtors' discharges in accordance with the stipulated order. [Doc. # 32]. The Trustee thereupon prepared her final account certifying completion of administration of the estate and filed it with the court on November 1, 2010, [Doc. # 35], with notice of the account sent to creditors and other parties in interest on November 3, 2010. The court entered its order approving the final account on December 2, 2010. [Doc. # 38]. On January 11, 2011, Debtors filed the instant motion asking the court to vacate the order vacating their discharges and seeking reinstatement of same. The basis for Debtors' motion is that they are now prepared to satisfy the monetary obligation they agreed to in the February 8, 2010, order.

The Trustee gave up significant rights for the benefit of creditors in reliance on the reasonable agreement memorialized in the court's stipulated order, including seeking avoidance of the transfer and timely recovery and liquidation of the motor vehicle for the benefit of the estate. Debtors were represented by counsel in entering into the stipulated order. The order was clear and direct. The consequences for noncompliance were bolded and underlined. Debtors then failed without excuse to comply with the court's order. They made no contact with the Trustee to address the issue or clarify any purported misunderstanding of the order and waited too long, until after administration of the estate was complete, to come forward belatedly nearly a year after the original order was entered and more than eight months after their financial obligation to the estate was to have been completed. Creditors, the estate and the Trustee have been prejudiced by Debtors' non-compliance with the court's order and delay and belated compliance with the court's order cannot now completely rectify that prejudice. As stated by the court on the record at the hearing, the court finds no basis in law, fact or equity, under the authority of Rule 60(b) or otherwise, to vacate its valid September 20, 2010, order and reinstate Debtors' discharges even if they now pay the estate the funds that were due by April 15, 2010.

**THEREFORE,** based on the foregoing reasons and authorities and as otherwise stated on the record by the court at the hearing,

**IT IS ORDERED** that Debtors' Motion to Vacate Revocation of Discharge and Reinstate Discharge of Debtor, [Doc. # 42], be, and hereby is, **DENIED.**